# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8075 | **DATE** | 9/4/2002 |
| **CASE TITLE** | Laura J. Bauer, et al vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Motion to Strike and Defendant's Motion for Summary Judgment are DENIED. Defendant's Motion for Determination of Choice of Law, Motion in Opposition to Plaintiff's Motion for leave to file and amended complaint, Motion for Partial Summary Judgment Regarding Survival Act Damages, and Motion for Partial Summary Judgment Regarding Recovery of Corporate Damages are GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 06 200 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP - 4 2002
Judge Harry D. Leinenweber
U.S. District Court

| | |
|---|---|
| LAURA J. BAUER, as Executor of the Estate of JOHN H. BAUER, Deceased; and as Executor of the Estate of WILLIAM H. BAUER III, Deceased,<br><br>        Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 00 C 8075<br><br>Consolidated for all purposes with Case No. 01 C 0385<br><br>Hon. Harry D. Leinenweber |



## MEMORANDUM OPINION AND ORDER

This action arises out of the crash of single-engine Beechcraft A-36 Bonanza aircraft ("N 1812A"), near New Lebanon, Indiana on the evening of March 20, 1998. Plaintiff Linda J. Bauer, as executor of the estates of her husband and son, and Christ Spurgin-Dienst, as executor of her husband's estate, filed separate complaints suing the United States under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b), alleging that the negligence of several Federal Aviation Administration (the "FAA") employees caused the aircraft occupied by the decedents to crash. The two cases were found related and consolidated for all purposes. Before the Court are the United States' (the "Defendant") Motion for Determination of Choice of Law, Motion for Summary Judgment, Motions for Partial Summary Judgment,

Motion to Strike Plaintiff's Response, and Motion in Opposition to Plaintiffs' Motion to File an Amended Complaint.

**BACKGROUND**

On the evening of March 20, 1998, a single-engine Beechcraft A-36 Bonanza aircraft carrying John Bauer, his son William Bauer, Terry Spurgin and a pilot took off from Louisville, Kentucky bound for Aurora, Illinois. Before takeoff, the pilot requested and received a weather briefing for the flight from the Louisville Flight Service Station (the "FSS"). The briefing included an "AIRMET," a weather advisory for pilots, that warned the pilot of occasional moderate rime or mixed icing along the entire route of flight from three thousand to sixteen thousand feet locally and from the surface to sixteen thousand feet in the areas to the north. The pilot also received pilot reports ("PIREP") confirming the existence of light to moderate rime icing in the Louisville area between 3,000 and 6,000 feet and in the Lafayette, Indiana area between 7,500 and 8,000 feet. In addition, the pilot received a surface observation of light snow and a surface temperature of 2 degrees Celsius from Terre Haute, Indiana (located approximately half way between Louisville and Aurora along the planned line of flight). The Beechcraft Bonanza flight manual prohibits flight into known icing conditions and the plane possessed no deicing equipment.

N 1812A departed Louisville approximately one hour after the weather briefing. Approximately 20 minutes later the aircraft was handed over to Evansville Approach Control. The pilot contacted Evansville Approach and requested icing reports for the area. The controller responded that there were none for the last two hours. In fact, there were three PIREPS confirming icing conditions that had been received by Evansville personnel but were not provided to the pilot. A few minutes later, the aircraft was handed off to Terre Haute Approach as it left Evansville's airspace. The pilot contacted Terre Haute and requested icing reports for the area. The controller told the pilot that there hadn't been any for several hours but did convey several earlier reports of light to moderate mixed icing in the area. Seven minutes later the pilot reported an accumulation of ice on the aircraft and requested a deviation from the flight plan for landing at Terre Haute, Indiana. The pilot was cleared for landing at Terre Haute. Nine minutes after the initial report of icing, the pilot contacted Terre Haute to report that the plane was continuing to accumulate ice, was losing airspeed, and requesting direction to the closest possible airport. The Terre Haute controller directed the pilot to the Sullivan County Airport. There is a dispute between the parties whether the Robinson, Illinois airport actually provided a closer landing site given the approach courses to both airports. The aircraft

crashed a few minutes later, approximately five miles from the Sullivan County Airport in New Lebanon, Indiana. John Bauer and Terry Spurgin died of multiple trauma sustained in the crash. The coroner determined that William Bauer died from suffocation and carbon monoxide intoxication from the fire subsequent to the crash. Although the pilot was also killed in the crash, his estate is not a party to this action.

On July 18, 2002, the Plaintiffs filed Amended Complaints naming the United States as the sole defendant and alleging Wrongful Death and Survival Act claims under Illinois law. Now before the Court are Defendant's Motion to Strike Plaintiffs' Response, Motion in Opposition to Plaintiff's Motion to File an Amended Complaint, Motion for Determination of Choice of Law, Motion for Summary Judgment, and Motions for Partial Summary Judgment on Bauer's claim for corporate value damages and the Plaintiffs' Survival Act claims.

## MOTION TO STRIKE

Defendant has moved to strike Plaintiffs' Joint Response to the United State's Motion for Summary Judgment because it exceeds the twenty page limitation set by the Court, did not contain a table of cases or table of contents, and because the response was filed one day late. A district court may exercise its discretion to strike a response to a motion for summary judgment when the non-moving party fails to comply with local rules regarding that

response. *Rosemary B. on Behalf of Michael B. v. Board of Educ. of Community High School Dist. No. 155*, 52 F.3d 156, 158-59 (7th Cir. 1995). Defendant is right to point out that the Local Rules "are not suggestions or requests; they impose requirements for practicing before this Court." *Pepsi-Cola Co. v. Steak 'N Shake, Inc.*, 981 F.Supp. 1149, 1153 (S.D. Ind. 1997). However, the Court finds Plaintiffs' noncompliance to be excusable in this instance given the complexity of the case and the rather abbreviated briefing schedule set by the Court. Defendant's Motion to Strike Plaintiffs' Joint Response is therefore denied.

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

Defendant opposes Plaintiff's July 12, 2002 Motion for Leave to File an Amended Complaint arguing that the Amended Complaint raises new factual allegations that are outside the scope of the original administrative claim filed with the FAA. Defendant contends that Plaintiffs therefore failed to exhaust their administrative remedies by not first presenting these claims to the FAA. *See Charlton v. United States*, 743 F.2d 557, 559 (7th Cir. 1984). Under the FTCA, the filing of an administrative claim with a federal agency is a jurisdictional prerequisite for a subsequent suit. *See* 28 U.S.C. § 2675(a). The administrative claim must give the federal agency sufficient notice of the facts underlying the claim to allow the agency to conduct a proper

investigation. *Charlton*, 743 F.2d at 559. Plaintiffs' administrative claims gave the origin and destination of the flight and alleged negligence on the part of FAA employees in their failure to warn of icing conditions and their failure to guide the plane safely to the nearest airport. The Court finds that this was sufficient to provide the FAA with notice of the facts underlying the claim and allowed the FAA to conduct a proper investigation.

Defendant also opposes the filing of the Amended Complaint arguing that Plaintiffs never mentioned staffing and training issues or the conduct of Louisville personnel as factual bases for their claims at any point in the proceedings prior to the filing of their Amended Complaints.

Plaintiffs' FAA claims, filed two days apart in February 2000, state nearly identical claims: that the flight was en route from Louisville, Kentucky to Aurora, Illinois when it crashed; that the pilot had requested icing PIREPS but air traffic controllers failed to provide him with available icing PIREPS; and air traffic control provided the pilot with improper vectors for approaching Sullivan County Airport. The original complaints filed in this case allege the following negligent acts of the air traffic controllers at Evansville Approach Control: failure to solicit PIREPS; failure to distribute available icing PRIREPs; failure to provide a correct and safe radar vector to

the Sullivan airport; failure to become aware of pertinent weather information when coming on duty and stay aware of current weather information; and otherwise failing to provide necessary facilities and personnel for the protection of air traffic "as may be revealed by discovery."

On February 14, 2002, Defendant filed a motion seeking greater detail in Plaintiffs' responses to interrogatories requesting the factual support for Plaintiffs' contentions of negligence on the part of Defendant's employees. Plaintiffs responded by listing the failure of the FAA employees at Evansville and Terre Haute to: solicit PIREPS; distribute known PIREPS; provide a correct and safe radar vector to the Sullivan airport; and failure of all controllers to become aware and stay of current weather information as it developed. No mention was made of FAA personnel in Louisville or the FAA's failure to train personnel for dealing with emergency icing situations. At a hearing before the Court on February 26, 2002, Plaintiffs confirmed the veracity of their interrogatory responses and depositions and expert discovery proceeded under this understanding of Plaintiffs' case. From the date of the accident in 1998 to this hearing on February 26, 2002, Plaintiffs never made any allegation that acts of any Louisville FAA employee or staffing and training issues formed the basis of their negligence claim.

On July 18, 2002, four years after the accident, eighteen months after the filing of the original complaint and after the close of discovery, Plaintiffs filed Amended Complaints adding allegations that FAA employees at Louisville "failed to provide the pilot of N 1812A significant and correct weather information . . . prior to departure from Louisville" and that the FAA "failed to have present adequate experienced and competent personnel at the Evansville and Terre Haute facilities to appropriately handle the situations allowed."

Leave to amend is to be freely given when justice so requires. FED.R.CIV.P. 15(a). However, leave to amend is inappropriate "where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure the deficiencies . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 183 (1962). In this case, Plaintiffs obtained the NTSB Report and FAA Accident Package in 1998 and have been fully aware of the conduct of the Louisville FAA personnel for the past four years. Plaintiffs offer no explanation justifying why they waited four years, until after the close of discovery, to add allegations regarding the Louisville FAA personnel and the staffing and training of FAA personnel at Terre Haute and Evansville. Given the lack of explanation for this undue delay and the obvious prejudice to Defendant if this last minute

amendment is allowed, the Court will grant Defendant's motion and orders all allegations relating to Louisville, the Louisville weather briefing, or relating to the FAA's failure "to have present adequate experienced and competent personnel at the Evansville and Terre Haute facilities" stricken from the Amended Complaint. *See Ferguson v. Roberts*, 11 F.3d 696, 706-07 (7th Cir. 1993).

**DEFENDANT'S MOTION FOR DETERMINATION OF CHOICE OF LAW**

The parties contend and the Court agrees that the Seventh Circuit's holding in *Bowen v. Untied States*, 570 F.2d 1311 (1978) dictates that Indiana's choice of law principles should be applied to the facts of this case since Indiana is both the place of the last act or omission having a causal effect and the place of the act or omission having the most significant causal effect. *Id.* at 1318. In *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071 (Ind. 1987) the Indiana Supreme Court modified slightly the strict *lex loci delicti* rule applied in that state, giving Indiana courts some flexibility for dealing with unique cases where the place of the tort bears little connection to the legal action. The *Hubbard* decision does not, however, represent a dramatic change in Indiana's choice of law approach to tort cases. Indiana is still a *lex loci delicti* state and the law of the place where the harm occurs is still applied in all but

exceptional cases. *See In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1016 (7th Cir. 2002). In this case, the accident occurred in Indiana and it is the conduct of the pilot and FAA personnel in Indiana that will be the key to determining whether the United States will be held liable for the crash and ensuing deaths. Because the Court finds that Indiana has a significant connection with the legal action, the additional factors listed in *Hubbard*, such as the residence of the parties, do not come into consideration. *See Judge v. Pilot Oil Corp.*, 205 F.3d 335 (7th Cir. 2000). Since Indiana is the place of the tort and bears a significant connection with the legal action, Indiana law will be applied to Plaintiffs' claims.

## MOTIONS FOR SUMMARY JUDGMENT

### *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the

burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001).

## DISCUSSION

### *Defendant's Motion for Partial Summary Judgment Regarding Survival Act Damages*

Although Illinois would allow Plaintiffs to proceed simultaneously on Wrongful Death and Survival Act claims, Indiana has chosen a different approach to this issue. Under Indiana law, if the decedent dies of injuries sustained in the accident at issue, the case falls under the Wrongful Death Statute. *See* Ind. Code. Ann. § 34-23-1-1 (2000). In contrast, the Survivorship Statute applies when a person receives personal injuries caused by the wrongful act of another and subsequently dies of causes other than those personal injuries. *Best Homes, Inc., v. Rainwater*, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). There is no dispute in this case that decedents died as a result of the aircraft crash at issue and that Plaintiffs seek recovery for that injury alone. On these facts, it is clear that Indiana permits Plaintiffs to recover under the Wrongful Death Statute alone. Accordingly, the United States Motion for Partial Summary Judgment on Plaintiffs' Survival Act claims is granted and the counts stating Survival Act claims are dismissed.

### Defendant's Motion for Partial Summary Judgment Regarding Recovery of Corporate Damages

Before his death, John Bauer was the President and sole owner of Dynaweld, Inc. Plaintiff Bauer claims to be entitled to the difference between the estimated value of Dynaweld at the time of John Bauer's expected retirement and the $10 she received for the company two and a half years after his death, during which time she had been the President and sole beneficial owner of the company. Defendant argues that Indiana does not permit the recovery of damages of this nature and moves for partial summary judgment on this aspect of Bauer's damages claim. The Indiana Wrongful Death Act does not provide explicitly for the recovery of a corporation's fair market value. Bauer has not produced and the Court could not find any Indiana case interpreting the Wrongful Death Statute as allowing a surviving spouse to recover for diminishment of the fair market value of a family-owned corporation. Since the Indiana Supreme Court has not ruled on this issue, the Court must look at the available case law and adopt the rule it believes the state's supreme court would adopt. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). After reviewing the available case law, the Court agrees with the analysis of this issue set forth in *Heinhold v. Bishop Motor Express, Inc.*, 660 F.Supp. 382 (N.D.Ind. 1987). In *Heinhold*, the court held that, under Indiana law, a

spouse cannot claim damages based on economic loss incurred by the diminution in value of her husband's corporation as a result of the company's loss of his services. *Id.* at 385. On facts nearly identical to the case at bar, the *Heinhold* court reasoned that, while a plaintiff may recover the pecuniary loss of contributions made directly to the dependent from the decedent, the decedent's services to a corporation inured directly to the benefit of the corporation and that the beneficiary spouse benefitted only indirectly when the company was sold. *Id.* at 384-85. The Court agrees with *Heinhold's* analysis of Indiana law and finds no subsequent development in Indiana law that would lead to any conclusion other than that reached in *Heinhold*: strict construction of the Indiana Wrongful Death Statute prohibits a surviving spouse from claiming damages based on economic loss incurred by decrease in value of her husband's corporation as a result of the company's loss of his services. The United States' Motion for Partial Summary Judgment on Bauer's claim for recovery of "market value" damages is therefore granted.

### *Defendant's Motion for Summary Judgment*

Finally, Defendant moves for summary judgment on the claims in their entirety contending that summary judgment is appropriate because Plaintiffs point to no facts establishing a breach of a

recognized duty or establishing proximate cause connecting a negligent act of the Defendant to the crash. After reviewing the record in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, the Court finds that, although there is strong evidence of negligence on the part of the pilot of N 1812A, the failure of the Evansville personnel to pass on icing PIREPS and the conduct of the Terre Haute controller in directing the plane's approach to Sullivan County Airport create a genuine issue on the close question of proximate causation in this case that is better resolved at trial. Defendant's Motion for Summary Judgment is therefore denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike and Defendant's Motion for Summary Judgment are DENIED. Defendant's Motion for Determination of Choice of Law, Motion in Opposition to Plaintiff's Motion for Leave to File and Amended Complaint, Motion for Partial Summary Judgment Regarding Survival Act Damages, and Motion for Partial Summary Judgment Regarding Recovery of Corporate Damages are GRANTED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 4, 2002